## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**AMERICAN CIVIL LIBERTIES UNION
of FLORIDA, INC. (Greater Tampa
Chapter), HUMANIST ASSOCIATION
OF WEST CENTRAL FLORIDA, and
STELLA DARBY,**

       Plaintiffs,

**v.**                                **Case No. 8:05-CV-02266-T-17-TGW**

**POLK COUNTY, FLORIDA,**

       Defendant.

_____/

### ORDER ON PLAINTIFFS' APPLICATION FOR AWARD
### OF ATTORNEYS' FEES AND COSTS

      This cause comes before this Court on Plaintiffs' Application for Award of Attorneys' Fees and Costs (Dkt. 17), Plaintiffs' Memorandum in Support of Plaintiffs' Application for Award of Attorneys' Fees and Costs (Dkt. 18), and Defendant's Motion in Opposition to Plaintiff's Application for an Award of Attorneys' Fees and Costs (Dkt. 19).

### BACKGROUND

      On December 9, 2005, Plaintiffs, American Civil Liberties Union of Florida, Inc. ("ACLU"), Humanist Association of West Central Florida ("Humanist Association"), and Stella Darby ("Darby"), (collectively, "Plaintiffs"), filed a complaint against Defendant, Polk County, pursuant to 42 U.S.C. § 1983 alleging that Defendant's application procedures for citizen displays on Defendant property placed unreasonable burdens on the rights guaranteed by the First and Fourteenth Amendments of the United States Constitution. (Dkt. 1).  Plaintiffs also filed a Motion for Temporary Restraining Order (Dkt. 2) and Motion for Preliminary Injunction

1

(Dkt. 3) on December 9, 2005 seeking to enjoin Polk County from imposing such selection criteria.  On December 13, 2005, the parties filed a Joint Motion for Entry of Stipulated Order (Dkt. 8), which was endorsed by the Court, also on December 13th (Dkt. 9).  Plaintiffs filed an Application for Award of Attorneys' Fees and Costs on March 20, 2006 (Dkt. 17), and Defendant filed a motion in opposition on March 27th (Dkt. 19).  The following are found to be"facts" for purposes of resolving the application of award of attorneys' fees.

On March 16, 2005, Defendant Polk County adopted a "1st Amendment Display Policy for Polk County Property" (the "Policy") which provided for a designated area near the County administration building as a limited public forum for the purpose of allowing individuals and groups to set up activities and displays related to "cultural and historical heritage, philosophies, and ethnic diversity" during the Christmas holiday season. Policy, §§ 1.0, 3.1, Ex. A for Dkt. 1. Under Defendant's Policy, members of the public who wished to erect a display were required to submit an application with Defendant.  The earliest date to apply to erect a display was November 1, 2005, and all applications were required to be submitted at least 21 days prior to display.  Each application required a fifty dollar ($50) application fee and a one hundred dollar ($100) refundable security deposit. *Id.* § 6.6.  Further, the policy required each application to (1) sign a "hold harmless" agreement with Defendant; (2) procure and maintain general liability insurance in the amount of $500,000 for injury or damage caused by the display that names Defendant as an additional insured; and (3) submit the details of the wording and graphics of the proposed display for approval by the County Attorney. *Id.* §§ 6.4 through 6.7.

Plaintiff ACLU timely submitted its application for permission to erect its display on November 23, 2005.  However, Defendant refused to process the application because the ACLU had failed to sign the hold harmless agreement and to provide a $500,000 insurance policy.  The ACLU asserts that several insurance agencies in the Tampa Bay area would not write such a policy, but obtained two quotes: one for $510.46 and another for $457.84.  The ACLU further asserts that such expenditure would have severely depleted the Tampa Chapter's funds available for public outreach activities.  Further, the ACLU asserts that the insurance and the hold harmless agreement constituted a tax on free speech and were not reasonably related to a legitimate governmental interest.  Defendant communicated to the ACLU that its application would not be processed until the ACLU met the Policy's insurance and hold harmless

2

requirements.

On or about March 10, 2005, Plaintiff Humanist Association applied to erect a display prior to Defendant's Policy.  Defendant rejected the Humanist Association's application on the grounds that the Policy did not go into effect until November 1, 2005.  Humanist Association thereafter attempted to secure a $500,000 insurance policy in an effort to meet the Policy's requirements for display during the 2005 Christmas season.  However, Humanist Association ultimately did not apply for permission to erect a display because it asserts that it could not afford the cost of the required insurance.

Plaintiff Darby had previously erected a display during the 2004 Christmas holiday season prior to the Defendant's new policy requirements.  Darby asserts that she wished to erect a display during the 2005 Christmas season but was unable to afford the required insurance, and was therefore inhibited from applying from such permission.

In their Complaint, Plaintiffs sought injunctive relief prohibiting Defendant from imposing certain application and selection criteria, including its $500,000 insurance policy requirement, its hold harmless requirement, and the 21-day waiting period so that all plaintiffs would be able to erect their displays during the 2005 Christmas season.  Through the parties' stipulated order of December 13, 2005, the requirements at issue were waived for all applicants, allowing the plaintiffs to erect each of their displays.  The stipulated order also required that Defendant approve the ACLU's permit application.  As a result, all Plaintiffs were able to erect their displays during the 2005 Christmas season.  Ultimately, however, Defendant eliminated the free speech zone on January 12, 2005, and this suit was thereby dismissed with prejudice. *See* Joint Stipulation of Dismissal (Dkt. 15).  Plaintiffs now seek attorneys' fees and costs.

## DISCUSSION

Under the "American Rule," United States courts follow " 'a general practice of not awarding fees to a prevailing party absent explicit statutory authority.' " *Buckhannon Board & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 602 (2001) (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809. 819 (1994)).  Under 42 U.S.C. § 1988(b), Congress enumerated § 1983 as a fee-shifting statute under which a court, in its discretion, may allow the "prevailing party" a reasonable attorney's fee. *Id.*  To qualify as a prevailing party, the

3

plaintiff must obtain the primary relief sought in the case. *Taylor v. City of Ft. Lauderdale*, 810 F.2d 1551, 1555-56 (11th Cir. 1987). In order to be considered a prevailing party under § 1988(b), there must be a court-ordered "material alteration of the legal relationship of the parties" necessary to permit an award of attorney's fees. *Tex. State Teacher's Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989). A prevailing party, for purposes of 42 U.S.C. § 1988, is deemed to be a civil rights plaintiff who has succeeded on any significant issue in the litigation which has achieved some of the benefit the parties sought in bringing suit. Id. at 791-792. Therefore, one can be a prevailing party under an enforceable judgment on the merits or under a court-ordered consent decree or agreement. *Buckhannon,* 532 U.S. at 604.

Further, a preliminary injunction that changes the status quo and creates a material alteration in the legal relationship between the parties, is sufficient to make plaintiff the prevailing party. *Taylor*, 810 F.2d at 1558; *see also Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (plaintiffs entitled to attorney's fees because Court ordered relief and retained jurisdiction to enforce relief, even though case voluntarily dismissed with prejudice, citing *Maher v. Gagne*, 448 U.S. 122, 129 (1980)); *see also LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1160-61 (9th Cir. 2000) (temporary restraining order, which prohibited public officials from interfering with exhibition containing non-obscene erotic art, was sufficient to confer prevailing party status because injunction did more than preserve the *status quo*, it "allowed the convention and art exhibit to take place").

In the instant case, the stipulated order had the effect of materially changing the legal relationship of the parties by allowing Plaintiffs the relief they sought for the thirty (30) days of the 2005 Christmas season. While Defendant voluntarily acquiesced to the order, the Stipulated Order is still a court-sanctioned and court-enforceable order with which Defendant had a duty to comply. The creation of this duty to the court thus changes the legal relationship of the parties. Further, the Stipulated Order provided temporary injunctive relief to Plaintiffs which significantly altered the status quo. As a direct result of this order, Plaintiffs were able to erect displays on Defendant property without meeting the requirements of Defendant's policy. Thus, Plaintiffs are a prevailing party pursuant to § 1988(b) because Plaintiffs obtained the primary relief they sought: Plaintiffs were not required to purchase liability insurance nor required to sign the hold harmless agreement, and were ultimately able to erect their displays during the 2005

4

Christmas season.

Defendant asserts that Plaintiffs fail to meet the prevailing party requirement because Defendant ultimately eliminated the Free Speech Zone entirely.  Defendant argues that the suit was ultimately detrimental to Plaintiffs because Defendant ultimately changed its policy and, as a result, the public may no longer erect structures on Defendant property.  This Court does not find Defendant's argument to be persuasive, or even relevant; Plaintiffs status as a prevailing party is based entirely on the material change in the legal relationship between the parties resulting from the stipulated order that provided Plaintiffs with the precise relief they were seeking.  As a direct result of the stipulated order, Defendants were prohibited from enforcing their policy's requirements regarding liability insurance, the hold harmless agreement, and the twenty-one (21)  day waiting period.  While the law suit was ultimately dismissed with prejudice because the Free Speech Zone was eliminated by Defendant, Plaintiffs prevailed in so far as they were not subject to the Defendant's application procedures and were therefore able to erect their displays without restriction.

However, the fee award must be limited to the degree of Plaintiffs' success.  *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).  Thus, Plaintiffs are entitled to attorneys' fees and costs only in direct relation to the extent of their success in litigation.  As noted above, Plaintiffs are considered prevailing parties only in so far as their success in obtaining the temporary restraining order which allowed the Plaintiffs to erect their displays on Defendant property for the 2005 Christmas season.  However, in their Application for Attorneys' Fees, Plaintiffs seek compensation for fees and costs throughout the duration of the litigation.  This is inappropriate.

Therefore, the parties shall have thirty (30) days from the date of this order to consult to attempt to agree on the appropriate amount of fees and costs to be awarded.  If the parties cannot agree, the Plaintiffs may file a motion for specific attorneys' fees and costs for obtaining the temporary restraining order.  Accordingly, it is so

**ORDERED** that the Application for Award of Attorneys' Fees and Costs (Dkt. 17) be **GRANTED**, in part, in that the Court finds the Plaintiffs are entitled to an award of attorneys' fees and costs for obtaining the temporary restraining order.  The parties shall have thirty (30)

days to resolve the issue.  If not resolved, the Plaintiffs may file a motion for the specific

attorneys' fees and costs as awarded herein.

   **DONE AND ORDERED** in Chambers in Tampa, Florida, this 27th day of July 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record